STATE OF LOUISIANA       *       NO. 2018-KA-0253

VERSUS       *

        COURT OF APPEAL

DOMINIQUE JENKINS       *

        FOURTH CIRCUIT

      *

        STATE OF LOUISIANA

      * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 522-823, SECTION "D"
Honorable Paul A Bonin, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**

**ON REMAND FROM THE LOUISIANA SUPREME COURT**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard,
Judge Regina Bartholomew-Woods)

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Michael Danon
Assistant District Attorney
Parish of Orleans
619 S. White Street
New Orleans, LA 70119
     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Katherine M. Franks
LOUISIANA APPELLATE PROJECT
P.O. Box 220
Madisonville, LA 70447

Dominique Jenkins #625988
Rayburn Correctional Center
27268 Hwy. 21 N.
Angie, LA 70426
     COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED**
**SEPTEMBER 23, 2020**

*RBW*

*JFM*

*EAL*

This matter is on remand from the Louisiana Supreme Court for an error patent review in light of *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020) and the Louisiana Supreme Court's directive in *State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062.[1] After a review of the record,

---

[1]The Louisiana Supreme Court has issued numerous *per curiam* opinions directing the appellate courts to consider this issue as part of our errors patent review, stating as follows:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, -- L.Ed.2d – (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).

> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

*State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062; *see also State v. Taylor*, 18-1039 (La. App. 4 Cir. 6/17/20), __ So.3d __, 2020 WL 3264072.

1

and in light of *Ramos*, we reverse Defendant's conviction and remand the matter to the district court for further proceedings.

## PROCEDURAL HISTORY[2]

On December 11, 2014, a grand jury returned a true bill of indictment charging Defendant with one count of second degree murder in violation of La. R.S. 14:30.1.[3] On January 29, 2015, Defendant appeared for arraignment and entered a plea of not guilty. A jury trial commenced on September 13, 2017, and on September 15, 2017, the jury returned a ten-to-two verdict finding Defendant guilty of manslaughter in violation of La. R.S. 14:31.[4] On October 2, 2017, Defendant filed motions for a new trial and post-verdict judgment of acquittal, which the district court denied. On October 20, 2017, Defendant was sentenced to thirty-eight (38) years of imprisonment at hard labor with credit for time served. Defendant filed a motion to reconsider sentence, which the district court denied. Defendant appealed his conviction to this Court and raised six assignments of error, which included a challenge to his conviction based on the non-unanimous jury verdict; this Court affirmed Defendant's conviction and sentence.[5] *State v.*

---

[2] The factual background of this matter is not pertinent to the determinative issue in this remand.

[3] La. R.S. 14:30.1 provides second degree murder is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm.

[4] La. R.S. 14:31 states, in pertinent part, that "[a] homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed."

[5] In its reasoning, this Court explained the following:

2

*Jenkins*, 2018-0253 (La. App. 4 Cir. 4/3/19), 267 So.3d 1178, 1181. While Defendant's appeal was pending before the Louisiana Supreme Court, the United States Supreme Court decided *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), and overruled longstanding precedent authorizing non-unanimous jury verdicts in state prosecutions. Following *Ramos,* the Louisiana Supreme Court remanded Defendant's case to this Court.[6]

---

[Defendant] was convicted of the lesser crime of manslaughter by a ten-to-two jury verdict. This Court acknowledges that since Defendant filed his appellate brief, the La. Const. Art. 1 § 17 has been amended to prohibit non-unanimous verdicts for crimes committed on or after January 1, 2019; however, the Louisiana Supreme Court has not ruled that non-unanimous jury verdicts for crimes committed prior to January 1, 2019 unconstitutional. Generally, Louisiana follows the rule that "a constitutional provision or amendment has prospective effect only, unless a contrary intention is clearly expressed therein." *State v. Cousan*, 1994-2503, pp. 17-18 (La. 11/25/96), 684 So.2d 382, 392-393. The crime in this instant matter occurred in June 2014, which was before January 1, 2019. Thus, the district court's jury instructions were appropriate and the ten-to-two jury verdict is a legal verdict.

*Jenkins*, 2018-0253, p. 20, 267 So.3d at 1189-90 (footnotes omitted).

[6] On June 3, 2020, the Louisiana Supreme Court issued the following *per curiam* opinion:

Writ granted. The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La.C.Cr.P. art. 920(2).

The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. See *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Nothing herein should be construed as a determination as to whether that ruling will apply retroactively on state collateral review to those convictions and sentences that were final when *Ramos* was decided.

*State v. Jenkins,* 2019-00696, p. 1 (La. 6/3/20), ___ So.3d ___.

## DISCUSSION

A review of the record reflects that Defendant was convicted of the responsive verdict of manslaughter by a ten-to-two vote by the jury. At the time of Defendant's offense, June 25, 2014, Louisiana law permitted non-unanimous jury verdicts in felony trials. Further, La. Const. Art. 1 § 17 (A) provided, in pertinent part:

> A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

Prior to the 2018 amendment,[7] La. C.Cr.P. art. 782(A) provided, in pertinent part, that "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." In addition, at that time, the controlling Louisiana jurisprudence consistently upheld the constitutionality of non-unanimous jury verdicts for cases tried before a twelve-person jury. *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738 (upholding the constitutionality of La. C.Cr.P. art. 782).

The United States Supreme Court, in *Ramos*, announced a new constitutional rule: the Sixth Amendment right to a jury trial—as incorporated to the States through the Fourteenth Amendment—requires a unanimous jury verdict

_____
[7] La. Acts 2018, No. 493, §1, effective January 1, 2019.

to convict a defendant of a serious offense. Thus, the United States Supreme Court ruled definitively that non-unanimous jury verdicts in state felony trials are unconstitutional. In addition, *Ramos* invalidated the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct review. *Ramos*, __ U.S. at __, 140 S.Ct. at 1406-08; *see also*, *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final"). In the instant matter, Defendant preserved for review the issue of the non-unanimity of his jury verdict. However, even if Defendant had failed to raise the issue of the non-unanimity of the jury verdict, the Louisiana Supreme Court's directive in *Monroe* requires appellate courts to consider this issue as part of our error patent review. Accordingly, *Ramos* requires that this Court revisit and withdraw its earlier opinion that affirmed Defendant's conviction and sentence. See *State v. Myles,* 2019-0965 (La. App. 4 Cir. 4/29/20), ___ So.3d ___; *State v. Donovan*, 2019-0722 (La. App. 4 Cir. 5/27/20), ___ So.3d ___; *State v. Hunter*, 2019-0901 (La. App. 4 Cir. 5/27/20), ___ So.3d ___. Thus, applying the new constitutional rule announced in *Ramos*, we find that Defendant's conviction must be vacated.

Accordingly, in reviewing this record on appeal for errors patent, we find that the holding in *Ramos* applies in this case and we render Defendant's conviction by a non-unanimous jury verdict unconstitutional and set it aside.

## CONCLUSION

For the aforementioned reasons, we vacate Defendant's conviction and sentence and remand this matter to the district court for further proceedings.

**VACATED AND REMANDED**